IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL D. ANDERSON, #156270, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-719-A |
| | ) WO |
| DONAL CAMPBELL, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On August 2, 2005, the plaintiff filed a complaint in which he seeks to challenge actions taken against fellow inmates and persons visiting the Bullock County Correctional Facility. However, the plaintiff lacks standing to assert alleged violations of the constitutional rights of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984). Moreover, the complaint is rambling and fails to identify factual allegations material to each specific count lodged against the defendants. "This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "[D]istrict Courts confronted by such complaints have the inherent authority to demand repleader sua sponte. *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th

Cir. 1998); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)." *Magluta*, 256 F.3d at 1284 n.3. Under these circumstances, a "district court should enter an order striking the deficient complaint and requir[ing] a repleading of all claims in a complaint that respects the requirements of Rule 8 and the heightened pleading requirement for [such] cases." *Id*. at 1285. In light of the foregoing, the court deems it appropriate to require the plaintiff to replead the claims presented in the instant cause of action. Accordingly, it is

ORDERED that on or before August 19, 2005 the plaintiff shall file an amended complaint which:

1. Presents specific claims relative to actions taken against *him* by the defendants and lists these claims in separate counts.

2. Asserts with clarity those factual allegations that are material to each specific count.

3. Describes how each named defendant violated *his* constitutional rights.

4. States the precise relief he seeks from this court.

**The plaintiff is hereby advised that this case will proceed only on those claims presented and against the defendants named in the amended complaint**. The amended complaint must set forth short and plain statements showing why the plaintiff is entitled to relief. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*.

The plaintiff is cautioned that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed.

Done this 5th day of August, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE