IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL D. ANDERSON, #156270,   )  | |
| ) | |
|     Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:05-CV-719-F |
| ) | [WO] |
| ) | |
| DONAL CAMPBELL, et al.,   ) | |
| ) | |
|     Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 2, 2005, Michael D. Anderson ["Anderson"], a state inmate, filed a 42 U.S.C. § 1983 action in which he sought to challenge actions taken against fellow inmates and persons visiting the Bullock County Correctional Facility. A thorough review of the complaint revealed that Anderson lacked standing to present the majority of his claims for relief. *See Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984). This review further established that "the complaint is rambling and fails to identify factual allegations material to each specific count lodged against the defendants. 'This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again.' *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)." *Order of August 5, 2005*

- *Court Doc. No. 4* at 1. In light of the foregoing, the court entered an order requiring that Anderson file an amended complaint in accordance with the directives of such order. *Id*. at 2. The court sought information essential to the proper presentation and screening of this cause of action. Thus, the court specifically cautioned Anderson that if he failed to comply with the aforementioned order this case would be dismissed. *Id*. The time allowed Anderson for filing an amended complaint expired on August 19, 2005. As of the present date, the plaintiff has filed nothing in response to the order entered on August 5, 2005. The court therefore concludes that this cause of action should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action. It is further

ORDERED that on or before November 27, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of November, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE